Kyle T. Cutts (257641)
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.861.7576
Facsimile: 216.696.0740
Email: kcutts@bakerlaw.com

*Attorney for Defendant*
AT&T MOBILITY LLC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID NGUYEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: 5:24-cv-3574<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[*Filed concurrently with Certification of Interested Entities or Persons; Civil Cover Sheet; and Notice of Pendency of Other Action or Proceeding*] |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal, Defendant AT&T Mobility LLC ("AT&T Mobility") removes the action filed by Plaintiff David Nguyen ("Plaintiff") in the Superior Court of the State of California, in and for the County of Santa Clara, entitled *David Nguyen v. AT&T Mobility LLC and Does 1 through 100, inclusive*, Case No. 24CV438852, to the United States District Court for the Northern District of California ("Notice").

## I. Background

1. On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online by a cybercriminal approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. Numerous class actions were quickly filed nationwide against both AT&T and its affiliate entities—including AT&T Mobility. The putative class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident and claim AT&T and/or AT&T Mobility failed to safeguard personal information in violation of common law, contracts, and consumer protection statutes. As of June 12, 2024, at least 60 related putative class actions have been filed against AT&T and/or its affiliated entities, including AT&T Mobility, in 2 state courts and 12 federal district courts in 8 states in connection with the incident.

2. On April 2, 2024, one of the plaintiffs bringing a consumer action against AT&T moved the Judicial Panel on Multidistrict Litigation (JPML) to consolidate pending federal court actions in multidistrict litigation (MDL) in the

Northern District of Texas. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, JPML No. 3114, ECF No. 139.

3. On May 13, 2024, Plaintiff David Nguyen filed a Class Action Complaint against AT&T Mobility arising from the same alleged AT&T incident in the Superior Court of the State of California, Santa Clara County. Mr. Nguyen alleges four statutory causes of action arising from the incident: violations of the California Consumer Privacy Act, the Consumer Legal Remedies Act, the California False Advertising Law, and the California Unfair Competition Law. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A**.

4. On June 6, 2024, AT&T Mobility informed Plaintiff's counsel that it was willing to accept service of the Complaint as of May 14, 2024.

5. A copy of the state court docket sheet as of June 13, 2024, and all other records and proceedings in the state court action are attached hereto as **Exhibit B**. To the best of AT&T Mobility's knowledge and belief, no further pleadings, process, orders, or other documents have been filed, served, or issued in this case to date. No responsive pleading has been filed by AT&T Mobility.

6. AT&T Mobility is informed and believes that Plaintiff has not amended his Complaint by substituting the true names for any Doe Defendants.

**II. Grounds for Removal Under CAFA**

7. This case is removable pursuant to 28 U.S.C. § 1332(d) (Class Action Fairness Act ("CAFA") jurisdiction).

8. "CAFA gives federal courts jurisdiction over certain class actions, defined in 28 U.S.C. § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Wilson v. TE Connectivity Networks, Inc.*, 2015 WL 13390023, at *1 (N.D. Cal. Mar. 26, 2015).

9. "[N]o antiremoval presumption attends cases invoking CAFA. . . . CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (citing *Dart Cherokee Basin Operations Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014)).

**A. This Case Involves a Class Action.**

10. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11. Mr. Nguyen brings this action pursuant to California's class action statute and he seeks to represent "[a]ll persons residing in California whose PII was compromised in the Data Breach." Ex. A, Compl. ¶ 26. Thus, the first CAFA

requirement is satisfied.

**B. There Are More Than 100 Putative Class Members.**

12. Mr. Nguyen defined the putative class as "[a]ll persons residing in California whose PII was compromised in the Data Breach." Ex. A, Compl. ¶ 26.

13. Over eight million individuals with a California address were notified that their information may have been involved in the AT&T incident.

14. Thus, CAFA's 100-person requirement is satisfied here. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. Minimal Diversity Exists.**

15. Federal courts have jurisdiction under CAFA if any putative class member is a citizen of a state different from any defendant at the time of removal. 28 U.S.C. § 1332(d)(2)(A). *See also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1063 (9th Cir. 2019) (CAFA jurisdiction assessed "at the time of removal").

16. Here, minimal diversity exists because Mr. Nguyen alleges he is a resident of the State of California (Ex. A, Compl. ¶ 21) and AT&T Mobility is a citizen of the states of Delaware, Texas, New York, Illinois and Georgia.

17. AT&T Mobility LLC is a Delaware limited liability company. Ex. A, Compl. ¶ 22.

18. "A limited liability company is a citizen of every state of which its owners/members are citizens." *Holliday v. Jaguar Land Rover N. Am., LLC*, 2024 WL 1244299, at *6 (N.D. Cal. Mar. 21, 2024).

19. AT&T Mobility LLC is a limited liability company comprised of four members: BellSouth Mobile Data, Inc., New Cingular Wireless Services, Inc., SBC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

Long Distance, LLC, and AT&T Investment & Tower Holdings, LLC.

20. BellSouth Mobile Data, Inc. is a Georgia corporation with its principal place of business in Georgia. Thus, BellSouth Mobile Data is a citizen of Georgia. *See* 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

21. New Cingular Wireless Services, Inc. is a Delaware corporation with its principal place of business in Georgia. Thus, New Cingular Wireless Services is a citizen of Delaware and Georgia.

22. SBC Long Distance, LLC is a limited liability company with one member—SBC Telecom, Inc., which is a Delaware corporation with its principal place of business in Texas. Thus, SBC Long Distance, LLC is a citizen of Delaware and Texas.

23. AT&T Investment & Tower Holdings, LLC is a limited liability company with four members—AT&T Capital Services, Inc., JVI General Partnership, SBC Portfolio Holdings, Ltd., and SBC Telecom, Inc.

24. AT&T Capital Services, Inc. is a Delaware corporation with its principal place of business in Illinois. Thus, AT&T Capital Services is a citizen of Delaware and Illinois.

25. JVI General Partnership has two partners—AT&T Wireline Holdings, LLC and AT&T Solutions Inc. For purposes of determining diversity jurisdiction, "a general partnership is a citizen of each state of which any of its general partners is a citizen." *Abener Teyma Mojave General P'Ship v. High Light Elec., Inc.*, 2015 WL

12832018, at *1 (C.D. Cal. May 27, 2015). AT&T Wireline Holdings, LLC has one member—AT&T DW Holdings, Inc., a New York corporation with its principal place of business in Texas. Thus, AT&T Wireline Holdings is a citizen of New York and Texas. AT&T Solutions Inc. is a Delaware corporation with its principal place of business in Texas. Thus, AT&T Solutions is a citizen of Delaware and Texas. Therefore, JVI General Partnership is a citizen of New York, Texas and Delaware.

26. SBC Portfolio Holdings, Ltd. is a Delaware corporation with its principal place of business in Texas. Thus, SBC Portfolio is a citizen of Delaware and Texas.

27. SBC Telecom, Inc. is a Delaware corporation with its principal place of business in Texas. Thus, SBC Telecom is a citizen of Delaware and Texas.

28. Therefore, AT&T Mobility LLC is a citizen of the states of Georgia, Delaware, Texas, New York and Illinois.

29. Further, because the JPML has consolidated related matters into an MDL, Mr. Nguyen's suit is subsumed into the consolidated cases. *See, e.g.*, *In re Kitec Plumbing Sys. Prods. Liab. Litig.*, 2010 WL 11618052, at *6 (N.D. Tex. Aug. 23, 2010) (courts may look past the manner in which plaintiffs limit their putative classes where plaintiffs "are already properly before [the MDL] Court"); *see also Simon v. Marriott Int'l, Inc.,* 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (similar); *Sanders v. Kia Am. Inc.*, 2023 WL 3974966, at *4-5 (C.D. Cal. June 13, 2023) (similar).

30. For example, the lead case before the JPML, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), alleges a putative class of "[a]ll individuals


BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024." *Id.*, ECF No. 1, ¶ 140. The allegations in this case—and multiple others with the same or similar class definition and underlying allegations—are now consolidated in an MDL before Judge Ada Brown of the Northern District of Texas. Consequently, Mr. Raslavich and his allegations are already subsumed within earlier filed federal cases pending in the MDL.

31. Moreover, although Mr. Nguyen has also named fictitious defendants, for purposes of removal, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding unnamed defendants are not required to join in a removal petition).

32. Thus, minimal diversity is satisfied.

**D. The CAFA Amount in Controversy Is Satisfied.**

23. To satisfy the amount-in-controversy for purposes of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"—the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014). Furthermore, it is an abuse of discretion for a district court to *sua sponte* remand a case back to state court without first giving the removing defendant an opportunity to show that the jurisdictional requirements are met. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

24. The allegations in Mr. Nguyen's complaint make clear that it is plausible the amount he is putting at issue exceeds $5,000,000, exclusive of interest and costs.

25. Mr. Nguyen seeks an array of relief, including compensatory damages, out-of-pocket expenses, punitive damages, statutory and civil penalties, restitution, disgorgement, costs and expenses, injunctive relief requiring additional years of credit monitoring and implementing additional security measures, and "all other relief the Court may deem just and proper." Ex. A, Compl. 119, Prayer for Relief. Together, these damages well exceed the jurisdictional amount.

26. For instance, Mr. Nguyen seeks "not less than $100 and not greater than $750" per class member in statutory damages pursuant to the California Consumer Protection Act. Ex. A, Compl. ¶ 77. For a class of over eight million people, even $100 per class member would exceed the jurisdictional minimum.

27. Mr. Nguyen further alleges that the class is entitled to disgorgement of well over five million dollars. Indeed, Mr. Nguyen alleges that "Defendants have been unjustly enriched by receipt of hundreds of millions of dollars in ill-gotten gains from Plaintiff and the Class from the sale of the Accounts in California, sold in large part as a result of the acts and omissions described herein" and he seeks "restitutionary disgorgement of the monies collected from Plaintiff and the Class." Ex. A, Compl. ¶¶ 100–102.

28. Mr. Nguyen also seeks injunctive relief requiring AT&T Mobility to provide additional years of credit monitoring to the class and to implement "reasonable security procedures and practices." Ex. A, Compl. ¶ 108, Prayer for

Relief. For purposes of determining the amount in controversy for removal, the court may consider "the cost to the defendant of complying with the injunction." *Doe v. Aetna, Inc.*, 2018 WL 1614392, at *4 (N.D. Cal. Apr. 4, 2018).

29. Although AT&T Mobility does not concede that Mr. Nguyen will ultimately be able to establish any damages or entitlement to injunctive relief, CAFA's $5 million threshold is easily met based on the allegations and requests for relief in the Complaint.

**III. Grounds For Removal Under 28 U.S.C. § 1332(a)**

30. This action is also removable because 28 U.S.C. § 1332(a)'s requirements for diversity jurisdiction are met. Mr. Nguyen alleges that he is a citizen of the State of California, *see* Ex. A, Compl. ¶ 21, and AT&T Mobility is a citizen of the States of Georgia, Texas, New York, Illinois and Delaware.

31. Although AT&T Mobility denies Mr. Nguyen's allegations—and fully reserves its rights to contest their adequacy—the value of Mr. Nguyen's claims meet the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) for the same reasons that CAFA's amount-in-controversy is satisfied. Indeed, Mr. Nguyen's request for compensatory relief, punitive damages, statutory damages, restitution, credit monitoring, and injunctive relief, plus costs and expenses and other relief sought, easily exceed § 1332(a)'s requirements. Accordingly, this action is removable.

**IV. Venue**

32. This Court is in the judicial district and division embracing the place where Mr. Nguyen filed the state court action and where it is pending. Specifically,

the United States District Court for the Northern District of California embraces Santa Clara County, California, which is where Plaintiff filed the state court action and where it is pending. Thus, this Court is the district court to which this case is properly removed. 28 U.S.C. §§ 1441(a), 1446(a).

**V. Timeliness of Removal**

33. Mr. Nguyen filed his complaint on May 13, 2024, and AT&T Mobility accepted service of the summons and complaint as of May 14, 2024. AT&T Mobility timely removed this action within 30 days of their acceptance of service. 28 U.S.C. § 1446(b). *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–50 (1999) (noting that the time period for removal begins when the defendant is served with both the complaint and summons).

**VI. Consent to Removal**

34. Pursuant to 28 U.S.C. § 1446, all defendants properly joined consent to the removal of the state court action to this Court.

**VII. Notices**

35. Pursuant to Civil Local Rule 3-15, AT&T Mobility is filing a Certification of Interested Entities or Persons concurrently with this Notice. Pursuant to Federal Rule of Civil Procedure 7.1, AT&T Mobility has included its Corporate Disclosure Statement in the Certification of Interested Entities or Persons concurrently filed with this Notice.

36. AT&T has filed this Notice of Removal with this Court, is contemporaneously serving a copy of this Notice of Removal upon Mr. Nguyen, and is filing a copy of this Notice of Removal in the Santa Clara County Superior Court

of California pursuant to 28 U.S.C. § 1446(d).

**VIII. Reservation of Rights and Denial of Liability**

37. Nothing in this Notice is intended or should be construed as an admission by AT&T Mobility of any fact alleged by Mr. Nguyen, of the validity or merit of any of Mr. Nguyen's claims and allegations, or as a limitation of any of AT&T Mobility's rights, claims, remedies, or defenses in connection with this action.

Dated: June 13, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Kyle T. Cutts*
Kyle T. Cutts

*Attorney for Defendant*
AT&T MOBILITY LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing Notice of Removal of Civil Action to Federal Court to be electronically filed with the Court's ECF system and mail, addressed as follows:

**POTTER HANDY LLP**
Mark D. Potter
mark@potterhandy.com
James M. Treglio
jimt@potterhandy.com
100 Pine St., Suite 1250
San Francisco, CA 94111

Dated: June 13, 2024

Respectfully submitted,

By: */s/ Kyle T. Cutts*
Kyle T. Cutts

*Attorney for Defendant*